LAW OFFICES OF DAVID SHAKER
DAVID SHAKER, ESQ. [SBN 291362]
9025 Wilshire Blvd., Suite 304
Beverly Hills, CA  90211
p: (310) 922-9282
e: davidshaker@gmail.com

LAW OFFICES OF ROBERT L. BASTIAN, JR.
ROBERT L. BASTIAN, JR., ESQ. [SBN 170121]
9025 Wilshire Blvd., Suite 304
Beverly Hills, CA  90211
p: (213) 278-0988
e: robbastian@aol.com

Attorneys for plaintiffs
ANNA LAURA RAMIREZ
and ALBERT GARCIA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ANNA LAURA RAMIREZ and ALBERT GARCIA,<br><br>Plaintiffs,<br><br>*vs.*<br><br>COUNTY OF LOS ANGELES, MARISSA RODRIGUEZ, DAVID PANTOJA, and DOES 1 through 25,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Bane Acts, Civ. Code § 52.1;<br>2. Unruh and Bane Acts, Civ. Code §§ 51, 52.1;<br>3. 42 U.S.C. § 1983 [violations of 1st, 4th, 5th and 14th Amendments, U.S. Const.];<br>4. 42 U.S.C.  § 1983 [*Monell/Canton* municipal liability];<br>5. Battery, unreasonable force;<br>6. False Arrest;<br>7. Intentional Infliction of Emotional Distress [IIED];<br>8. Negligence.<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiffs Anna Laura Ramirez and Albert Garcia [*hereinafter*, also referred to, respectively, as "Ramirez" and as "Garcia"] allege:

## INTRODUCTION

1.      This is an action for false arrest, excessive force and related causes of action arising from Los Angeles County Sheriff's deputies illegally continuing a

-1-

**COMPLAINT FOR DAMAGES**

traffic stop of the two plaintiffs on December 17, 2022.

## JURISDICTION

2.     This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the violations of plaintiffs' rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law.

3.     Venue is proper because this is a civil lawsuit that concerns events which occurred within the County of Los Angeles. Further, plaintiffs and all individual defendants work and/or reside within the County of Los Angeles.

## PARTIES

4.     Plaintiffs Anna Laura Ramirez and Albert Garcia are each individuals who reside in the County of Los Angeles.

5.     Defendant County of Los Angeles is a municipal entity subject to suit under 42 U.S.C. § 1983, and under the California Government Code.

6.     Defendant Marissa Rodriguez [*hereinafter,* also referred to as "Rodriguez"], LASD Badge No. 641562, was and is, at all relevant times, a sheriff's deputy employed by the Los Angeles Sheriff's Department, County of Los Angeles.

7.     Defendant David Pantoja [*hereinafter*, also referred to as "Pantoja,"LASD No. 552461, was and is, at all relevant times, a sheriff's deputy or sergeant employed by the Los Angeles Sheriff's Department, County of Los Angeles.

8.     Defendants Rodriguez and Pantoja were and are, at all relevant times, acting as duly appointed, qualified, and acting law enforcement officers working in their capacity as employees of defendant County of Los Angeles. At all relevant times, defendants Rodriguez and Pantoja were and are acting in the course and scope of such employment and under color of law. Each are sued in their respective individual capacities.

-2-
_____
**COMPLAINT FOR DAMAGES**

9.      Plaintiffs do not know the true names and capacities of those defendants named as Does, but allege that each said Doe defendant was in some intentional or negligent manner responsible for plaintiff's injuries. Plaintiffs will amend their complaint to allege the true names and capacities of said defendants when they become known.

10.     Plaintiffs further allege that, at all times material herein, defendants named as Does are and were working in their capacity as employees of defendant County of Los Angeles, and at all times material herein, each said defendant was acting in the course and scope of such employment and/or under color of law.

11.     To the extent employees of defendant County of Los Angeles engaged in conduct beyond defendant County of Los Angeles' authorization to its employees which, in turn caused harm to plaintiffs, defendant County of Los Angeles subsequently approved of and, thereby, ratified this conduct, making defendant County of Los Angeles responsible for the harm caused to plaintiffs Ramirez and Garcia.

## **FACTS**

Plaintiffs are informed and believe:

12.     On Saturday, December 17, 2022, at approximately 4:15 pm, Ramirez and Garcia, who are siblings, were driving in La Mirada towards the Sam's Club to buy groceries, Garcia driving and Ramirez in the passenger seat.

13.     Two LASD sheriff's deputies, David Pantoja [hereinafter Pantoja] and Marissa Rodriguez [hereinafter Rodriguez], initiated a traffic stop near 4211 Imperial Hwy, La Mirada, CA. Deputy Pantoja, in interacting with the driver, Garcia, claimed there was an outstanding warrant on the license plate, and in a subsequent conversation, claimed that there was a defective brake light. The warrant claim is likely false.

14.     During the traffic stop, deputy Rodriguez asked the passenger, Ramirez,

-3-

for her identification. When Ramirez, as is her right, refused, the deputy Rodriguez, joined by her partner, deputy Pantoja, retaliated by using unlawful, unnecessary and unreasonable injury-causing force to extract Ramirez from the vehicle.

15.   Specifically, deputy Rodriguez reached into the vehicle, unbuckled Ramirez's seatbelt, and, at the direction of deputy Pantoja, the female deputy then pepper sprayed Ramirez and pulled her from the vehicle by her hair onto the ground. While on the ground, deputy Rodriguez struck Ramirez several times. The two deputies then handcuffed her.

16.   During the incident, the deputies inflicted injury to Ramirez's back, shoulder, head, and hands. Ramirez suffered burning to her eyes from the pepper spray agent the female deputy deployed against her.

17.   During the detention in the car, Ramirez called her fianceé, Andreas M. Ojeda Peter, who arrived and became a witness at the scene. Also arriving on the scene was another LASD employee, believed to be a sergeant and watch commander, Sgt. J. Gutierrez, No. 455313.

18.   During the arrest, deputy Rodriguez unnecessarily patted down Ramirez on her vagina four times which Ramirez believes was and experienced it as a sexual assault.

19.   The deputies falsely arrested her for interference with a peace officer under Penal Code § 148 and took her to the Norwalk Station. Garcia was ultimately released at the site of the stop, but not until he was held for a constitutionally unreasonable time and having to witness the deputies' abuse of his sister. He was not cited for any traffic violations.

20.   Plaintiffs have reason to believe that the deputies' motivation for the stop was that Ramirez's fianceé, Andreas M. Ojeda Peter, had in the prior two months filed several complaints regarding LASD activity and, as a result, the automobile was targeted as somehow associated with Ojeda Peter.

-4-

**COMPLAINT FOR DAMAGES**

21.   At the station, while escorting her, deputy Rodriguez gratuitously caused the handcuffed Ramirez to stumble into a cement block wall.

22.   At the station, deputies Rodriguez and Pantoja approached Ramirez in the lockup and asked her to give a statement. As was her right, she refused their request. Ramirez told the deputies that she was a diabetic and needed to use the restroom. As was not their right and in an expression of domination and retaliation, the deputies refused her  request. She was forced to relieve herself on the floor.

23.   Around 8:00 pm the next evening, Ramirez bailed out on a $25,000 bond. A hearing date was set in Downey Superior Court for April 20, 2023. The bail bondman's report said that Ramirez was facing a felony violation of Penal Code § 69 [threatening an executive officer]. As with respect to the charge under section 148, the section 69 charge is false.

24.   After her release, Ramirez was brought to the emergency room of Providence St. Jude Medical Center with back, shoulder and head pain. She was diagnosed with injury of head, strain of neck muscle, strain of left shoulder, contusion of left hand, and strain of lumbar region, all attributable to the initial arrest. To date, each of these injuries have lingered requiring further medical care and treatment.

25.   On December 18, 2022, plaintiff Ramirez's fianceé, Ojeda Peter, lodged an internal affairs complaint with Sgt. Doe Kim at the LASD Norwalk Station, and provided his video of the incident.

26.   On or around January 11, 2023, plaintiff Ramirez received a copy of the Watch Commander Service Report, signed on January 11, 2023, by LASD Sgt. J. Gutierrez, sent from the LASD's Norwalk station to the Los Angeles County Office of Inspector General.

27.   On January 24, 2023, LASD Captain Christopher L. Johnson acknowledged in writing the personnel complaint Anna Ramirez had filed and

-5-

assigned its investigation to Lt. Pauline Panis, promising that her complaint would be "fully investigated in a timely manner."

28.   The complaint has not, in accordance with LASD's written policies and promises been "fully investigated in a timely manner." As of the date of plaintiffs' related tort claims, the LASD had not provided the results of its investigation.

29.   Nor have either of the deputies been disciplined notwithstanding that the videotape of the incident plaintiff Ramirez has provided shows irrefutable evidence of deputies Pantoja and Rodriguez arresting Ramirez for refusing to provide identification, which violates both constitutional law and LASD policy, to wit:

> A demand for a passenger's identification is not part of the mission of a traffic stop. "When stopping an individual for a minor traffic violation, 'an officer's mission includes ordinary inquiries incident to the traffic stop.'" [cites omitted] These involve "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance," and each shares "the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly." [cites omitted] The identity of a passenger, however, will ordinarily have no relation to a driver's safe operation of a vehicle.

*United States v. Landeros*, 913 F.3d 862, 868 (9th Cir. 2019).

LASD policy expressly states:

> A deputy may not arrest a person for violating 148 of the Penal Code merely because they refused to identify

-6-

1   themselves.

2   * * *

3   As a general rule, a person's failure to provide their name,

4   in itself, is not a violation of any law.  If the person lawfully

5   detained refuses to provide their name or identification

6   during the investigation and there is insufficient evidence

7   to establish probable cause that the person has committed

8   a crime, then the person must be released.

9   30.   LASD Policy No. 3-04/020.35 "NOTIFICATION TO COMPLAINANT"

10   provides that "[w]ithin 30 days of the completion of the investigation, the

11   investigating Unit is responsible for notifying the complainant, in writing, of the

12   results." Plaintiffs received no such timely notification.

13   **GOVERNMENT TORT CLAIM**

14   31.   On May 1, 2023, each plaintiff presented a timely Government Tort

15   Claim regarding the incident to defendant County of Los Angeles, each of which was

16   rejected by defendant County of Los Angeles on July 6, 2023. The County's

17   respective rejection letters were dated July 6, 2023.

18   32.   Plaintiff Garcia's causes of action against the defendant government

19   entity and its employees accrue six months from the date defendant County of Los

20   Angeles mailed notice of rejection of his tort claim.

21   33.   However, plaintiff Ramirez's causes of action against the same

22   defendant government entity and its employees has not, per California Government

23   Code § 945.3, accrued and is tolled because, as of the date of this filing, December

24   27, 2023, plaintiff Ramirez is facing criminal prosecution in the related matter of

25   LASC Case No. DOW3DN01192.

26   34.   Consistent with the foregoing, plaintiff Garcia has filed this lawsuit on

27   his own behalf and anticipates, after the defendants have been served, seeking a

28   -7-

stipulation with them or, alternatively making a motion pursuant to California Rules of Court, Rule 3.515, for a stay of this civil proceeding until the criminal matter against plaintiff Ramirez has been resolved.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

Retaliation/false arrest/excessive force, retaliation

under the Bane Act,

California Civil Code § 52.1

*By both plaintiffs against defendants Marissa Rodriguez,*

*David Pantoja, and Does 1-10.*

35.   Plaintiffs replead paragraphs 1 through 34 of this complaint and incorporate said paragraphs by reference.

36.   Defendant deputies Marissa Rodriguez and David Pantoja, working in their capacities as deputy sheriffs working for their employer, defendant County of Los Angeles, and Does 1 through 10, conspired amongst themselves to, and did intentionally interfere through threats, intimidation or coercion, as those terms are understood under the Bane Act [California Civil Code § 52.1], with both plaintiffs' rights to enjoy freedom from false arrest and unreasonable force, and to exercise free speech and expressive conduct [rights protected under the First, Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution; under Article I, Sections 2 and 3 of the California Constitution; and under California common and statutory law].

37.   Each defendant intended to deprive each plaintiff of their enjoyment of the interests protected by the First, Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution; Article I, Sections 2 and 3 of the California Constitution and the common and statutory law in California prohibiting false arrest, assault and battery, and intentional infliction of emotional distress. Further, both defendants maliciously caused the criminal prosecution and/or abused process during the effort

-8-

to criminally prosecute plaintiff Ramirez and are not immunized from such wrongful conduct per California Civil Code § 52.1(n).

38.     Each plaintiff was harmed by defendants' conduct.

39.     The conduct of each defendant is a substantial factor in causing each plaintiff's harm.

40.     As a legal result of each defendant's conduct, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

41.     As a legal result of each defendant's conduct, each plaintiff suffered general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

42.     Defendants Rodriguez's and Pantoja's conduct as alleged herein constitute malice, fraud or oppression within the meaning of California Civil Code § 3294, which merit the award of punitive damages.

43.     Plaintiffs are each, upon obtaining prevailing party status, entitled, under California Civil Code § 52.1(i), to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION

Retaliation and discrimination under both the Unruh and Bane Acts,

California Civil Code §§ 51, 52.1

*By plaintiff Ramirez against defendants Marissa Rodriguez,*

*David Pantoja, and Does 1-10*

44.     Plaintiffs replead paragraphs 1 through 43 of this complaint and incorporate said paragraphs by reference.

45.     Defendant deputies Marissa Rodriguez and David Pantoja, working in their capacities as deputy sheriffs working for their employer, defendant County of Los Angeles, and Does 1 through 10, conspired amongst themselves to, and did intentionally interfere through threats, intimidation or coercion, as those terms are

-9-

understood under the Bane Act [California Civil Code § 52.1], with plaintiff Ramirez's rights under the 14th Amendment to the U.S. Constitution and with California Government Code § 845.6, by, as alleged in paragraph 12 above, by retaliating against Ramirez when she refused, as was her right, to give a statement when Ramirez told the deputies that she was a diabetic and needed to use the restroom. As was not their right and in an expression of domination and retaliation, the deputies refused her request. She was forced to relieve herself on the floor.

46.   Plaintiff was harmed by defendants' conduct.

47.   The conduct of each defendant is a substantial factor in causing plaintiff Ramirez's harm.

48.   As a legal result of each defendant's conduct, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

49.   As a legal result of each defendant's conduct, plaintiff Ramirez suffered general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

50.   Defendants Rodriguez's and Pantoja's conduct as alleged herein constitute malice, fraud or oppression within the meaning of California Civil Code § 3294, which merit the award of punitive damages.

51.   Plaintiff is entitled to statutory damages pursuant to California Civil Code § 52 for violations of the Unruh Act.

52.   Plaintiff is, upon obtaining prevailing party status, entitled, under California Civil Code §§ 52 and 52.1(i), to an award of reasonable attorney's fees.

///

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**

Under 42 U.S.C. § 1983 for violations of plaintiffs' First,

Fourth, Fifth and Fourteenth Amendment rights to be free

from unreasonable and/or retaliatory search and seizure

*By each plaintiff against defendants Marissa Rodriguez,*

*David Pantoja, and Does 1-10.*

53.   Plaintiffs repleads paragraphs 1 through 40 of this complaint, and incorporate said paragraphs by reference.

54.   42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance,

regulation, custom, or usage of any State or Territory

subjects, or causes to be subjected, any person of the United

States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured

by the Constitution and laws shall be liable to the party

injured in an action at law, suit at equity or other proper

proceeding for redress.

55.   Defendants Rodriguez and Pantoja were acting "under color of law" as that term is understood in section 1983 jurisprudence because they were uniformed, wearing badges and acting in the course and scope of their duties as law enforcement officers [*i.e.*, sheriff's deputies] in the employment of a municipal entity, the County of Los Angeles.

56.   Defendants Rodriguez and Pantoja, working in their capacities as deputy sheriffs working for their employer, defendant County of Los Angeles, and Does 1 through 10, conspired amongst themselves to, and did intentionally falsely arrest, use unreasonable force, and unlawfully retaliated against plaintiff Ramirez because of the exercise of both her federal and state based rights, and falsely and

-11-

unconstitutionally detained Ramirez's brother, plaintiff Garcia, in retaliation for his sister's exercise of her rights.

57.   Both plaintiffs were harmed by defendants' conduct.

58.   The conduct of each defendant is a substantial factor in causing each plaintiff 's harm.

59.   As a legal result of each defendant's conduct, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

60.   As a legal result of each defendant's conduct, each plaintiff suffered general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

61.   Each defendant's conduct which harmed plaintiff was malicious, oppressive or in reckless disregard of plaintiff's rights and, therefore, merits the award of punitive damages.

62.   Plaintiff is, upon obtaining prevailing party status, entitled, under 42 U.S.C. § 1988, to an award of reasonable attorney's fees.

### FOURTH CAUSE OF ACTION

Under 42 U.S.C. § 1983 for municipal liability – custom,

policy and practice and/or deliberate indifference

*By plaintiff against defendant*

*County of Los Angeles, and Does 1-10.*

63.   Plaintiffs replead paragraphs 1 through 62 and incorporate said paragraphs by reference.

64.   The violations of constitutional law described above were caused by defendant County of Los Angeles' customs, policies and practices or its deliberate indifference to the rights of persons its employees are likely to come in contact with, such as plaintiffs. In particular, defendant County of Los Angeles' policies evidence

-12-

inadequate hiring, training, supervision, discipline and retention which are a legal cause of the violation of plaintiffs' rights and their damages.

65.     Each plaintiff was harmed by defendants' conduct.

66.     The conduct of each defendant is a substantial factor in causing each plaintiff's harm.

67.     As a legal result of defendant County of Los Angeles' customs, policies and practices, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

68.     As a legal result of each defendant County of Los Angeles' customs, policies and practices, each plaintiff suffered general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

69.     Each plaintiff is, upon obtaining prevailing party status, entitled, under 42 U.S.C. § 1988, to an award of reasonable attorney's fees.

## FIFTH CAUSE OF ACTION

Battery, unreasonable force by a peace officer

*By plaintiffs against all defendants.*

70.     Plaintiffs replead paragraphs 1 through 69 of this complaint and incorporates said paragraphs by reference.

71.     Each deputy defendant, working in his or her capacity as a deputy sheriff employed by defendant County of Los Angeles, intentionally caused and/or intentionally touched and used unreasonable force on plaintiff Ramirez.

72.     Plaintiff Ramirez did not consent to that touch or that use of force. Nor was either the touch or use of force legally justified.

73.     As a result, plaintiff Ramirez was harmed.

74.     The acts of defendants are a substantial factor in causing plaintiff Ramirez's harm.

**COMPLAINT FOR DAMAGES**

75.     As a legal result of each defendant's conduct, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

76.     As a legal result of each defendant's conduct, plaintiff Ramirez suffered general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

77.     Defendants Rodriguez's conduct and defendant Pantoja's conduct as alleged herein constitute malice, fraud or oppression within the meaning of California Civil Code § 3294, which merit the award of punitive damages.

**SIXTH CAUSE OF ACTION**

False Arrest

*By plaintiffs against all defendants.*

78.     Plaintiffs replead paragraphs 1 through 77 of this complaint and incorporate said paragraphs by reference.

79.     Defendants Rodriguez and Pantoja, working within the course and scope of their duties as sheriff deputies employed by defendant County of Los Angeles conspired with each other to, and falsely arrested both plaintiffs without warrant. The arrest was without legal justification. Defendants took plaintiff Ramirez into custody. Although defendants ultimately released plaintiff Garcia, he was effectively arrested and held over during the subject incident for a constitutionally impermissible amount of time after defendants' purported legal justification for the traffic stop had lapsed.

80.     Plaintiffs were harmed by defendants' conduct.

81.     Defendants' conduct was a substantial factor in causing each plaintiff's harm.

82.     As a legal result of each defendant's conduct, each plaintiff suffered special damages in the form of medical and psychotherapeutic expenses, both after

-14-

_____

**COMPLAINT FOR DAMAGES**

the event and anticipated in the future.

83.     As a legal result of each defendant's conduct, plaintiff suffered general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

84.     Defendant Rodriguez's and defendant Pantoja's conduct as alleged herein constitute malice, fraud or oppression within the meaning of California Civil Code § 3294, which merit the award of punitive damages.

## SEVENTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress [IIED]

*By plaintiff Ramirez against all defendants.*

85.     Plaintiffs replead paragraphs 1 through 84 of this complaint and incorporate said paragraphs by reference.

86.     The conduct of defendants Rodriguez and Pantoja, working within the course and scope of their duties as sheriff deputies employed by defendant County of Los Angeles, was outrageous.

87.     Defendants Rodriguez and Pantoja intended to cause each plaintiff emotional distress.

88.     Defendants Rodriguez and Pantoja acted with reckless disregard of the probability that plaintiffs would suffer emotional distress, knowing that plaintiffs were present when the conduct occurred.

89.     Plaintiff Ramirez suffered severe emotional distress.

90.     Defendants Rodriguez's and Pantoja's conduct was a substantial factor in causing plaintiff Ramirez's severe emotional distress.

91.     As a legal result of each defendant's conduct, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

92.     As a legal result of each defendant's conduct, plaintiff Ramirez suffered

**COMPLAINT FOR DAMAGES**

general damages in the form of, *inter alia*, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

93. Defendants Rodriguez's and Pantoja's conduct as alleged herein constitute malice, fraud or oppression within the meaning of California Civil Code § 3294, which merit the award of punitive damages.

## EIGHTH CAUSE OF ACTION

### Negligence

*By both plaintiffs against all defendants.*

94. Plaintiffs replead paragraphs 1 through 93 of this complaint and incorporate said paragraphs by reference.

95. Defendants negligently exercised their arrest powers and negligently used or permitted the use of excessive force with respect to both plaintiffs.

96. Defendant County of Los Angeles negligently hired, trained, supervised, disciplined and/or retained its sheriff deputies, Rodriguez and Pantoja, regarding powers of arrest and use of force.

97. As a legal result of each defendant's conduct, plaintiff Ramirez suffered special damages in the form of medical and psychotherapeutic expenses, after the event and/or anticipated in the future.

98. As a legal result of each defendant's conduct, each plaintiff suffered general damages in the form of, *inter alia*, loss enjoyment of life, grief, anxiety, humiliation, emotional distress both in the past and anticipated in the future.

## DAMAGES

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

AS TO EACH CAUSE OF ACTION, AS APPLICABLE:

FIRST CAUSE OF ACTION:

1. For general and special damages according to proof;

2. For exemplary damages according to proof;

-16-

___

**COMPLAINT FOR DAMAGES**

3.      For attorney's fees under California Civil Code § 52.1(I).

SECOND CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For exemplary damages according to proof;

3.      For statutory penalties pursuant to California Civil Code § 52 for violations of the Unruh Act;

4.      For attorney's fees under California Civil Code §§ 52 and 52.1(I).

THIRD CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For exemplary damages according to proof;

3.      For attorney's fees and costs pursuant to 42 U.S.C. § 1988.

FOURTH CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For attorney's fees and costs pursuant to 42 U.S.C. § 1988.

FIFTH CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For exemplary damages according to proof.

SIXTH CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For exemplary damages according to proof.

SEVENTH CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For exemplary damages according to proof.

EIGHTH CAUSE OF ACTION:

1.      For general and special damages according to proof;

2.      For exemplary damages according to proof.

Plaintiffs additionally request any other relief available which the Court

**COMPLAINT FOR DAMAGES**

1  determines is just, including all costs, attorney's fees, interest and penalties.

2  **REQUEST FOR JURY TRIAL**

3     Plaintiffs hereby request a trial by jury.

4
5  DATED: January 5, 2024       LAW OFFICES OF
                     DAVID SHAKER

6
7                    *David Shaker*
                     DAVID SHAKER
8                    Attorneys for Plaintiffs
                     ANNA LAURA RAMIREZ
9                    and ALBERT GARCIA

10 DATED: January 5, 2024       LAW OFFICES OF
                     ROBERT L. BASTIAN, JR.

11
12                   *Robert L. Bastian, Jr.*
                     ROBERT L. BASTIAN, JR.
13                   Attorneys for Plaintiffs
                     ANNA LAURA RAMIREZ
14                   and ALBERT GARCIA

15
16
17
18
19
20
21           END OF DOCUMENT
22
23
24
25
26
27
28

               -18-

**COMPLAINT FOR DAMAGES**